UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MICHAEL R. JUTRAS, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) No. 1:18-cv-00051-JDL |
| | ) |
| MARK LOPEZ, In His Official and | ) |
| Individual Capacities, TOWN OF | ) |
| CARRABASSETT VALLEY, DAVID | ) |
| COTA, In His Official and Individual | ) |
| Capacities, KARL STRAND, In His | ) |
| Official and Individual Capacities, | ) |
| STEPHEN KIRCHER, In His Official | ) |
| and Individual Capacities, SUGARLOAF | ) |
| MOUNTAIN CORPORATION, | ) |
| and BOYNE USA, INC., | ) |
| | ) |
| Defendants | ) |

## MEMORANDUM DECISION AND ORDER ON DEFENDANTS' MOTIONS FOR MORE DEFINITE STATEMENT

The defendants in this civil-rights suit arising under 42 U.S.C. § 1983 move for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). *See* Motion for a More Definite Statement of the Complaint ("Sugarloaf Defendants' Motion") (ECF No. 26);[1] Defendants Mark Lopez, David Cota and Town of Carrabassett Valley's Motion for a More Definite Statement of the Complaint ("Town Defendants' Motion") (ECF No. 39).[2] For the reasons that follow, the motions are denied.[3]

---

[1] The Sugarloaf Defendants are Sugarloaf Mountain Corporation, Boyne USA, Inc., Karl Strand, and Stephen Kircher. *See* Sugarloaf Defendants' Motion at 1.
[2] The Town Defendants join in the Sugarloaf Defendants' motion, seeking the same relief "for the same reasons set forth" in that motion. Town Defendants' Motion at 1. Accordingly, I cite the Sugarloaf Defendants' Motion in setting forth the position of all of the defendants.
[3] The plaintiff, who is proceeding *pro se*, withdrew two motions that he had filed in response to the defendants' motions for a more definite statement: a motion that Judge Levy and I jointly decide both the defendants' motions and his own, and a motion for a settlement conference. *See* ECF Nos. 51, 53, 64.

1

## I. Applicable Legal Standard

Federal Rule of Civil Procedure 12(e) provides, in relevant part: "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).

This court has observed:

> A motion for more definite statement is granted only "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e). Rule 12(e) motions are not favored "in light of the availability of pretrial discovery procedures." *Cox v. Maine Mar. Acad.*, 122 F.R.D. 115, 116 (D. Me. 1988). The "Federal Rules employ the concept of notice pleading, and, for this reason, motions for a more definite statement are not favored." *Delta Educ., Inc. v. Langlois,* 719 F. Supp. 42, 50 (D.N.H. 1989) (citation omitted). The "motion is granted sparingly since it is not to be used as a substitute for discovery in trial preparation . . . but is to be used only when a pleading is too general." *Town of Hooksett Sch. Dist. v. W. R. Grace & Co.*, 617 F. Supp. 126, 135 (D.N.H. 1984). Rule 12(e) motions are designed to "strike at unintelligibility, rather than at lack of detail in the complaint." *Cox*, 122 F.R.D. at 116. Accordingly, a Rule 12(e) motion properly is granted "only when a party is unable to determine the issues he must meet." *Id*.

*Haghkerdar v. Husson College*, 226 F.R.D. 12, 13-14 (D. Me. 2005).

## II. Factual Background

The plaintiff's complaint is 122 pages long, exclusive of attachments, and contains 81 paragraphs, many of which are broken into multiple subparts. *See* Complaint for Violation of Civil Rights ("Complaint") (ECF No. 1). At its core, however, the complaint alleges that defendant Mark Lopez, acting concurrently in his capacities as both the Chief of Police of the Town of Carrabassett Valley, Maine, and the Head of Security of Sugarloaf Mountain Corporation, conspired with other town officials and Sugarloaf corporate employees to engage in a targeted and systematic four-year campaign of harassment of the plaintiff beginning on about December 15, 2012, including unwarranted arrests, ticketing, and car towing, that eventually forced him to move to South Carolina and sell his Carrabassett Valley home. *See id.* ¶¶ 21, 36, 38(Q), (V)-(W).

### III. Discussion

The defendants argue that the complaint (i) violates the mandate of Federal Rule of Civil Procedure 8 that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief[,]" (ii) fails to state "each claim founded on a separate transaction or occurrence . . . in a separate count" as required by Federal Rule of Civil Procedure 10, and (iii) is "vague and ambiguous[,]" as a result of which "[i]t is difficult to assess which claims . . . are asserted against which Defendants" and "excessively difficult for Defendants to assess appropriate defenses and frame a responsive pleading[,]" warranting relief pursuant to Rule 12(e). Sugarloaf Defendants' Motion at 2-3 (quoting Fed. R. Civ. P. 8(a)(2) & 10(b)).

The prolix complaint neither qualifies as a short and plain statement of the claim nor sets forth claims in separate counts. *See generally* Complaint. Indeed, it contains so much argument and extraneous detail that it is difficult to discern the relevant claim(s) and factual allegations. However, the plaintiff represents that he endeavored to follow instructions provided by the United States District Court for the District of South Carolina for *pro se* litigants in crafting his complaint, *see* Plaintiff's Response at 3, and, with some effort, one can sift the wheat from the chaff to determine his key factual allegations and the nature of his claim.[4] Because it is possible to do so and because, in my view, obliging the *pro se* plaintiff to revamp his complaint would serve no useful purpose, I deny the defendants' motions.

As noted above, the plaintiff makes reasonably clear that his complaint arises from an alleged four-year-long campaign of harassment by Lopez, acting both personally and as the concurrent agent/employee of the Town of Carrabassett Valley and the Sugarloaf Defendants, over a four-year period commencing in December 2012. *See* Complaint ¶ 36. He details numerous

---

[4] The plaintiff filed this action in the United States District Court for the District of South Carolina, which transferred it to this district on February 6, 2018. *See* ECF No. 16.

instances of that alleged harassment, including that he was served with an unwarranted summons for trespassing in a common area of his own condominium complex in April 2013, *see id.* ¶¶ 38(B)-(C), he was given unwarranted parking and traffic tickets, *see id.* ¶ 38(D), his valid parking pass for his condominium complex was wrongfully revoked while in his girlfriend's possession, *see id.* ¶ 38(E), he was tailgated on several occasions in 2013 and 2014 in a harassing manner by members of the town's police force, *see id.* ¶ 38(F), and, in December 2013, he was wrongfully summonsed for "Reckless Conduct" after tossing a mattress off of his deck, following which the District Attorney declined to prosecute the case, *see id.* ¶ 38(G).

The plaintiff further alleges that the conduct of which he complains caused harms including mental anguish, *see id.* ¶ 22, damage to his reputation, *see id.*, difficulties gaining entry into Canada in an expeditious manner and obtaining automobile insurance, *see id.* ¶¶ 38(M)-(N), and deprivation of the peaceful enjoyment of his home, *see id.* ¶¶ 38(V), 44-45.

Finally, the plaintiff makes reasonably clear that he sues all of the defendants pursuant to 42 U.S.C. § 1983 for violation of his rights pursuant to the Fourth, Fifth, and Fourteenth amendments to the United States Constitution. *See id.* at [16]-[17], ¶¶ 17-22, 45, 49, 49(A). Indeed, he clarifies in his response to the motions that "ALL CLAIMS are against ALL DEFENDANTS[,]" Plaintiff's Response ¶ 34 (boldface omitted), elaborating:

> Plaintiff hereby states and contends that ALL REMEDIES sought under this action can be made under Plaintiff's solitary CLAIM that ALL DEFENDANTS, at times independently, and at times collectively and conspiriatorally [sic], PERPETRATED ACTIONS (and in some cases INACTIONS) against Plaintiff that caused his Rights under [the] Fourth, Fifth and Fourteenth Amendments to [t]he United States Constitution to be infringed; actions that are protected under Section 1983 of the United States Code. THIS IS THE SOLITARY CLAIM MADE BY PLAINTIFF.

*Id.* ¶ 38 (boldface omitted).

Thus, while the complaint is lengthy and contains a substantial amount of extraneous material, it is not "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e). To the extent that the defendants seek further detail concerning the nature of the plaintiff's claim, they may employ the tools of pretrial discovery to obtain it. *See, e.g.*, *Haghkerdar*, 226 F.R.D. at 13-14.

### IV. Conclusion

For the foregoing reasons, I **DENY** the defendants' motions for a more definite statement.

### *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated this 25th day of June, 2018.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge