UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| MICHAEL R. JUTRAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:18-cv-00051-LEW |
| | ) | |
| MARK LOPEZ, et al., | ) | |
| | ) | |
| Defendants | ) | |

## ORDER ON PLAINTIFF'S MOTIONS FOR RECONSIDERATION

On August 8, 2019, I issued my Decision and Order (ECF No. 204) awarding summary judgment to Defendants in this § 1983 civil rights action. On August 9, 2019, the Clerk entered Judgment for Defendants (ECF No. 206). The matter returns to the Court on Plaintiff's Motion for Reconsideration by Judge Lance Walker of Summary Judgment Decision (ECF Nos. 207).[1] Although Plaintiff has also filed a Notice of Appeal, Federal Rule of Civil Procedure 62.1 and First Circuit precedent, *Commonwealth of Puerto Rico v. SS Zoe Colocotroni*, 601 F.2d 39, 41 – 42 (1st Cir. 1979), permit me to rule on the motion for reconsideration pending appeal. The First Circuit has advised that action on a motion

---

[1] Plaintiff has also filed two motions for reconsideration that he directs to Chief Judge John Levy. Plaintiff's suit was, initially, assigned to Chief Judge Levy. However, on October 29, 2018, Chief Judge Levy reassigned the case. Because the matter is no longer assigned to Chief Judge Levy, Plaintiff's Motion for Reconsideration by Chief Judge John Levy of Judge Walker's Decision at Summary Judgment (ECF No. 209) and Motion for Reconsideration by Chief Judge Levy of the Court's Decision to Transfer the Case (ECF No. 210) are out of order and are hereby DISMISSED.

for relief from final judgment, such as Plaintiff's motion for reconsideration, should be acted on expeditiously. *Id.*

A party may seek relief from final judgment, and relief may be awarded, upon an adequate showing of (1) "mistake, inadvertence, surprise, or excusable neglect"; (2) newly discovered evidence; (3) fraud or similar misconduct; (4) a basis to void the judgment; (5) satisfaction of the judgment and similar contingencies; or (6) "any other reason that justifies relief." Fed. R. Civ. P. 60(b). Plaintiff advances his request based on the first and sixth grounds.

Relying on the first ground, Plaintiff has submitted several copies of an audio recording that was found to be corrupted during my review of the summary judgment materials. I have listened to the audio recording. I find its contents would not warrant a different outcome.

Relying on the sixth ground, Plaintiff asserts that "there is a TREMENDOUS amount of ADDITIONAL evidence that [I] did not review nor consider." Motion at 5. With this argument, Plaintiff faults, in part, my review of the materials he did file and, in part, my failure to consider the possible significance of materials he did not file. With regard to Plaintiff's actual filings, a comparison of my Decision and Order with Defendants' statement of material facts reveals that Plaintiff persuaded me that certain of Defendants' statements could not be accepted as undisputed. However, Plaintiff's showing nonetheless fell short of supporting the kind of findings that are necessary for Plaintiff to succeed at trial. The substantive due process standard is a very high standard, as I explained in my Decision and Order on Defendants' Motion for Summary Judgment. Plaintiff is not

2

entitled to a jury trial unless he can demonstrate that he has the kind of evidence that would permit the jury to make all the necessary findings in support of his claim. He failed to do so in opposition to Defendants' motion for summary judgment, for the reasons I indicated.

Concerning the materials Plaintiff did not file in support of his opposition to the summary judgment motion, Plaintiff asserts that the summary judgment proceedings only divulged "perhaps 10%" of all the facts he could present at trial. *Id.* at 8. He says it is "an aberration of JUSTICE and abridgment of DUE PROCESS" to deprive him of the opportunity to present his entire case. *Id.* Unfortunately, for Plaintiff, the summary judgment process required a greater showing than the one he offered. When I reviewed the summary judgment papers and audio recordings Plaintiff filed,[2] I could not see that he had the kind of evidence that would enable a jury to find, on a non-speculative basis, that Defendants engaged in conscience-shocking conduct. Consequently, I concluded that Defendants were entitled to judgment as a matter of law because Plaintiff "failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Finally, to the extent Plaintiff seeks to introduce further evidence in support of his summary judgment opposition, Motion at 11 – 15, now is not the time to make the summary judgment showing. While Rule 60(b) allows for relief from judgment based on new evidence, the evidence in question is not new. I decline Plaintiff's invitation to revisit the

---

[2] Although Plaintiff contends I disregarded his presentation, in fact, I reviewed and considered his evidentiary filings even though he did not properly introduce factual statements through the Local Rule 56 procedural mechanism. In particular, I reviewed the Walker affidavit and listened to all of the audio recordings but for one corrupted file.

3

summary judgment proceedings based on evidence he could have presented but did not present when it was due.

Plaintiff's Motion for Reconsideration (ECF No. 207) is DENIED. Plaintiff's Motions for Reconsideration by Chief Judge John Levy (ECF Nos. 209, 210) are DISMISSED as unsanctioned by the Federal Rules of Civil Procedure.

**SO ORDERED.**

Dated this 10th day of September, 2019

                                                      /s/ Lance E. Walker
                                                      U.S. DISTRICT JUDGE